The Honorable Charles R. Bryant State Representative 14138 DeGraff Road Rogers, AR 72756
Dear Representative Bryant:
This is in response to your request for an opinion on the following two questions regarding Act 1127 of 1993:
 (1) Does the Act imposing an additional fee for each ton of solid waste transported to out-of-state disposal sites (which is not imposed if the waste is transported to in-state disposal sites) violate the commerce clause in that it favors the local interest of in-state solid waste disposal facilities over out-of-state solid waste disposal facilities without a rational basis for the discrimination?
 (2) Does the amendment violate the equal protection clause by not giving equal treatment to waste transported out-of-state as waste transported in-state?
In my opinion, Act 1127 is constitutionally suspect under both the commerce clause and the equal protection clause.
Act 1127 of 1993 operates primarily to impose a fee on solid waste that is generated in Arkansas but transported to out-of-state disposal facilities. The Act, which amends A.C.A. §§8-6-606 and 8-6-1003 (1991 Supp.), imposes fees on the transporters of such solid waste, based upon the amount of waste being transported. Sections 8-6-606 and 8-6-1003 have previously imposed fees on landfill permittees (operators of landfills) based upon the amount of solid waste disposed of in their facilities. Those fees are not affected by the passage of Act 1127 and remain in effect. Act 1127 was apparently passed to encourage the disposal of Arkansas generated solid waste in Arkansas, or more accurately, to discourage the disposal of such waste out-of-state.
It is well established that the interstate movement of solid waste is "commerce" within the meaning of the commerce clause of the United States Constitution. Philadelphia v. New Jersey,437 U.S. 617 (1978). It is also well established that the proscriptions of the commerce clause apply to restrictions on the transportation of waste out of a state as well as into a state.See Hughes v. Oklahoma, 441 U.S. 322 (1979); Waste SystemsCorp. County of Martin, Minn., 784 F. Supp. 641 (D. Minn. 1992). In determining whether the fee imposed by Act 1127 violates the commerce clause by favoring in-state solid waste disposal facilities over out-of-state facilities, reference must be made to the following test set out by the United States Supreme Court in Philadelphia v. New Jersey, supra:
 Where simple economic protectionism is effected by state legislation, a virtually per se rule of invalidity has been erected. (Citations omitted). The clearest example of such legislation is a law that overtly blocks the flow of interstate commerce at a State's borders. Cf. Welton v. Missouri, 91 U.S. 275, 23 L.Ed. 347. But where other legislative objectives are credibly advanced and there is no patent discrimination against interstate trade, the Court has adopted a much more flexible approach, the general contours of which were outlined in Pike v. Bruce Church, Inc., 397 U.S. 137, 142, 25 E.Ed.2d 174, 90 S. Ct. 844.
 "Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. . . . If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities."
437 U.S. at 623-24.
Applying the above test, it must be determined initially whether Act 1127's fee on the transportation of Arkansas generated solid waste to out-of-state disposal facilities constitutes simple "economic protectionism" or is patently discriminatory against interstate commerce. If so, the above-mentioned per se rule of invalidity applies and it is unnecessary to carry the commerce clause analysis further. In my opinion, a court might find Act 1127 invalid either as a measure of simple economic protectionism or as a law that patently discriminates against interstate commerce. The Act's stated purpose is to keep Arkansas generated solid waste from being transported out-of-state for disposal, thereby protecting the economic interests of Arkansas waste disposal facilities. While the Act does not overtly block the flow of solid waste at the state's borders, it certainly discourages the flow of Arkansas solid waste into interstate commerce. Thus, even if the Act does not reach the level of economic protectionism, it patently discriminates against interstate commerce by imposing a fee on the transportation of Arkansas waste to out-of-state disposal facilities, while imposing no transportation fee when such waste is disposed of in Arkansas.
In several recent federal cases, laws and regulations prohibiting or restricting the out-of-state disposal of solid waste have been found to be in violation of the commerce clause. See WasteRecycling v. Southeast Alabama Solid Waste Disposal Authority,814 F. Supp. 1566 (M.D. Ala. 1993); Waste Systems Corp. v.County of Martin, Minn., supra; and DeVito Trucking, Inc. v.Rhode Island Solid Waste Management Corp., 770 F. Supp. 775
(D.R.I. 1991). In Waste Recycling v. Southeast Alabama SolidWaste Disposal Authority, the district court held that an ordinance imposing reporting requirements on persons transporting solid waste out-of-state for disposal discriminated against the interstate transport of such waste in violation of the commerce clause. It is my opinion that the fee imposed by Act 1127 would likewise be found to discriminate against the interstate transport of solid waste in violation of the commerce clause.
You have also asked whether Act 1127 violates the equal protection clause, which guarantees that all persons similarly situated will be treated similarly by the government. Whenever a law creates a suspect classification or interferes with the exercise of a fundamental constitutional right, it is subject to strict judicial scrutiny, and unless the law is shown to be necessary to promote a compelling governmental interest, it will be held unconstitutional. See Shapiro v. Thompson,394 U.S. 618 (1969). In my opinion, an argument might be advanced that Act 1127 burdens or interferes with the exercise of the right to interstate travel, which has been held to be a fundamental constitutional right. Id. I sincerely doubt that the Act could withstand the test of strict judicial scrutiny. Even if the Act were not found to interfere with a fundamental right and, consequently, were subjected only to the minimum level of scrutiny, I am not certain that the State would be able to demonstrate that it is rationally related to a legitimate government purpose. Accordingly, it is my opinion that a court might find Act 1127 to be in violation of the equal protection guarantee of the Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh